# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:17-cv-00463-MR

| | |
|---|---|
| JEFFREY A. DIXON, ) ) Plaintiff, ) ) vs. ) ) NANCY A. BERRYHILL, ) Acting Commissioner of Social ) Security ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I. PROCEDURAL BACKGROUND

The Plaintiff, Jeffrey A. Dixon ("Plaintiff"), asserts that his residual left lower and left upper extremity weakness from a stroke, obesity, and depression constitute severe physical and mental impairments under the Social Security Act (the "Act") rendering him disabled. On December 12, 2013, the Plaintiff filed applications for disability insurance benefits under Title II of the Act and supplemental security benefits under Title XVI of the

Act, alleging an onset date of June 8, 2013. [Transcript ("T.") at 197, 199]. The Plaintiff's applications were denied initially and upon reconsideration. [T. at 119, 120, 122]. Upon Plaintiff's request, a hearing was held on April 21, 2016, before an Administrative Law Judge ("ALJ"). [Id. at 34]. Present at the hearing were the Plaintiff, the Plaintiff's attorney; and a vocational expert ("VE"). [Id.]. On June 29, 2016, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [Id. at 17-33]. On July 19, 2016, the Plaintiff requested that the Appeals Council review the ALJ's decision. [Id. at 196]. On June 1, 2017, the Appeals Council denied the Plaintiff's request for review [Id. at 1], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to

uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

5

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

**IV.    THE ALJ'S DECISION**

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged date of onset, June 8, 2013. [T. at 20]. At step two, the ALJ found that the Plaintiff has severe impairments including residual left lower and left upper extremity weakness from a stroke, obesity, and depression. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he would need a sit/stand option, allowing him to change position twice per hour; no climbing of ladders, ropes,

> or scaffolds; occasional climbing of ramps and stairs; occasional balancing and stooping; no overhead lifting; frequent handling and fingering; avoid unprotected heights and moving machinery; cane needed for ambulation, but not for performance of job duties; simple, routine, repetitive tasks; nonproduction or rate work; can remain on task for two hours at a time throughout the workday.

[Id. at 22 (emphasis added)].

At step four, the ALJ held that the demands of Plaintiff's past relevant work exceed his RFC and Plaintiff is, therefore, unable to perform any past relevant work. [Id. at 26-27]. At step five, based on the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the Plaintiff can perform, including small parts assembler, electronics worker, and cashier II. [Id. at 27-28]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from June 8, 2013, his alleged date of onset, through July 5, 2016, the date of the ALJ's decision. [Id. at 28].

**V.    DISCUSSION[1]**

On appeal, Plaintiff presents two assignments of error.[2]  First, Plaintiff argues that the ALJ erred in accepting testimony from the VE that appears to conflict with the Dictionary of Occupational Titles ("DOT") without first obtaining an explanation.  [Doc. 12 at 4-5].  Second, Plaintiff argues the ALJ erred in failing to explain why limitations documented in medical opinions to which he assigned great weight were not included in the RFC assessment. [Id. at 5].  The Court addresses these alleged errors in turn.

**A.    The VE Testimony**

The Plaintiff's argument on this issue is two-fold.  First, Plaintiff contends the jobs the VE identified that the Plaintiff is able to do despite his limitations require production work, which is in conflict with the RFC assessment limiting the Plaintiff to "nonproduction or rate work."  Second, the Plaintiff contends that, because the jobs identified by the VE have

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[2] The Court notes that to the extent that Plaintiff attempts to weave any other disparate legal arguments or errors into his assignments of error, the Court disregards those arguments.  [See Doc. 12 at 14-15].  Such arguments must be set forth in separate assignments of error to be considered by this Court.  See e.g. Gouge v. Berryhill, No. 1:16-cv-00076-MR, 2017 WL 3981146, at *2 (W.D.N.C. Sept. 11, 2017) (Reidinger, J.) (collecting cases).  The Court again instructs counsel for Plaintiff to separately set forth each alleged error both so that the Court may consider them and to aid counsel in analyzing the proper framework and legal bases for these arguments.

Reasoning Levels of 2 (small products assembler and electronics worker) and 3 (cashier II) under the DOT, they conflict with the Plaintiff's limitation to "simple, routine, repetitive tasks."

### 1. Nonproduction Work

Social Security Ruling 00-4p requires an ALJ to resolve any actual or apparent conflicts between the VE's testimony and the DOT before relying on such testimony to support a determination or decision about whether a claimant is disabled. Pearson v. Colvin, 810 F.3d 204, 207-8 (4th Cir. 2015) (citing SSR 00-4p). Here, in response to the ALJ's hypothetical limiting the Plaintiff to "no production rate work," the VE testified the Plaintiff could perform the jobs of small products assembler, electronics worker, and cashier II. The Plaintiff argues that the ALJ's reliance on this testimony was error because these jobs require "production" work.

According to the DOT, the job of small products assembler requires an individual to perform "any combination of following repetitive tasks on assembly line to mass produce small products…." DOT 706.684-022. Further, the individual "[m]ay be assigned to different work stations as production needs require or shift from one station to another to reduce fatigue factor." Id. As such, the job of small products assembler requires production work. This conflicts with the VE testimony that the Plaintiff can

9

perform this work despite his limitations. As such, the ALJ erred in relying on this testimony without first obtaining an explanation. This error, however, was harmless because the other two jobs the VE testified that the Plaintiff could perform, electronics worker and cashier II, do not require production work. See DOT 726.687-010, 211.462-010. Further, even with the Plaintiff's limitation to a sit/stand option, there are an estimated 10,200 positions of electronics worker and 298,800 positions of cashier II. [T. at 26]. As such, these jobs exist in sufficiently significant numbers in the national economy to constitute alternative work at step five. [T. at 28]. See Cogar v. Colvin, 3:13-cv-380-FDW, 2014 WL 1713795, at *7 (W.D.N.C. April 30, 2014) (Whitney, J.) ("The Fourth Circuit has previously found as few as 110, 153, and even 650 jobs significant enough to satisfy the Commissioner's burden.") (Citations omitted). The ALJ's error in relying on the VE's testimony regarding the job of small products assembler, therefore, was harmless.

### 2. Simple, Routine, Repetitive Tasks

The Plaintiff also argues that the jobs of cashier II, which has a reasoning level of "3," and electronics worker and small products assembler, which have a reasoning level of "2," are inconsistent with the Plaintiff's limitation to simple, routine, repetitive tasks. Level 2, according to the DOT, requires a person to:

10

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

DOT, Appendix C, Section III. Level 3, according to the DOT, requires a person to:

> Apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

Id. However, "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work [are] consistent with a DOT reasoning level of either 2 or 3." Martin v. Colvin, No. 1:14-cv-234, 2015 WL 9094738, at *5 (W.D.N.C. Dec. 16, 2015) (Voorhees, J.) (quoting Carringer v. Colvin, No. 2:13-cv-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014) (Cogburn, J.)); see also Clontz v. Astrue, No. 2:12-cv-00013, 2013 WL 3899507, at *5 (W.D.N.C. July 29, 2013) (Whitney, J.); Thacker v. Astrue, No. 3:11-cv-246-GCM-DSC, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011) (Cayer, J.); Williams v. Astrue, No. 3:11-cv-592, 2012 WL 4756066, at *4 (W.D.N.C. Aug. 27, 2012) (Cayer, J.).

While Plaintiff cites to several cases in which other courts found an inconsistency between an RFC limiting a claimant to simple, routine,

repetitive tasks and a job with a DOT classification of a reasoning level two or three [Doc. 12 at 9, 10-11], these cases, to the extent they support Plaintiff's position, are not dispositive. Courts in the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have held there is no conflict between a job classified at reasoning level three and a limitation to simple, routine, unskilled work. Williams, 2012 WL 4756066, at *4 (collecting cases) (citations omitted). As the Court finds there is no inconsistency to resolve, the ALJ made no error in accepting the VE's testimony that Plaintiff could perform the jobs of small products assembler, electronics worker, and cashier II.

### B. The Evaluation of Medical Opinion Evidence

Dr. Walter McNulty, Ph.D., is a consultative examiner who performed a comprehensive clinical psychological examination of the Plaintiff on April 9, 2014. [T. at 358]. The Plaintiff contends that the ALJ erred in failing to include Dr. McNulty's "limitation" of the Plaintiff to "simple instructions" in the RFC assessment. [Doc. 12 at 16]. The Plaintiff argues this omission was not harmless because the jobs identified by the VE have Reasoning Levels of 2 or 3, which require more than the ability to follow "simple instructions." [Doc. 12 at 16-17].

Medical opinions are statements from physicians and psychologists "that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-03p. The statements may be submitted by acceptable medical sources, including treating sources and consultative examiners. SSR 96-5p. "A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence (including other medical source statements that may be in the case record) when assessing an individual's RFC…. Adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions." SSR 96-5p. Sections 404.1527 and 416.927 set out the factors an ALJ is to consider in deciding the weight to give any medical opinion. Further, Ruling 96-8p provides that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

In this case, the ALJ gave "significant weight" to the opinion of consultative examiner Dr. McNulty. The ALJ noted that Dr. McNulty opined that, "provided he is not high on marijuana, the claimant would be able to understand, retain, and follow <u>simple instructions</u> in a work setting." [T. at 26 (emphasis added) (citing T. at 361)]. In the RFC assessment, the ALJ limited the Plaintiff to "<u>simple, routine, repetitive tasks</u>." [T. at 22 (emphasis added)]. The Plaintiff argues that this limitation to "simple, routine, repetitive tasks" failed to account for Dr. McNulty's opinion despite the ALJ having given Dr. McNulty's opinion regarding the Plaintiff's ability to follow simple instructions "significant weight." [Doc. 12 at 17].

According to the Plaintiff,

> The ALJ limited [the Plaintiff] to simple, routine, repetitive tasks. In response to the ALJ's hypothetical question the vocational witness said the jobs small products assembler, electronics worker, and cashier II could be done. But, as discussed above, according to the DOT the jobs small products assembler as well as electronics worker both have a Reasoning Level of 2. Per the DOT Reasoning Level 2 jobs required the worker to be able to understand and carryout ***detailed*** written or oral instructions. And the cashier II job per the DOT is Reasoning Level 3 so it requires even greater abilities than the Level 2 jobs.

[Doc. 12 at 16-17 (citations omitted)]. The Plaintiff's argument is premised on the conclusion that there is a conflict between Dr. McNulty's opinion and

14

the RFC assessment and that the ALJ was, therefore, required to explain why the "limitation" was not included. [See Doc. 12 at 16]. There is, however, no conflict between Dr. McNulty's opinion and the RFC assessment. As the Court already held with respect to the ALJ's reliance on the VE testimony, "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work [are] consistent with a DOT reasoning level of either 2 or 3." Supra, at 11. As such, to the extent that the ALJ did not fully adopt Dr. McNulty's opinion, the ALJ did not need to explain why. See SSR 96-8p. There was no error on this issue.

## VI. CONCLUSION

The decision of the Commissioner is supported by substantial evidence and is based on the application of the correct legal standards. Accordingly, the Commissioner's decision is affirmed.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED** and the Defendant's Motion for Summary Judgment [Doc. 13] is **GRANTED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of

the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 13, 2018

Martin Reidinger
United States District Judge